**ST. PAUL–RAMSEY MEDICAL CENTER and St. Paul-Ramsey Medical Center Commission, Appellants,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 86–5171.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1987.

Decided April 15, 1987.

Rehearing Denied June 29, 1987.

James M. Gaynor, Jr., Chicago, Ill., for appellants.

Stuart I. Silverman, Washington, D.C., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and WRIGHT,* District Judge.

SCOTT O. WRIGHT, District Judge.

St. Paul-Ramsey Medical Center and St. Paul-Ramsey Medical Center Commission (SPRMC) seeks review of Secretary of Health and Human Services Otis R. Bowen's decision to deny reimbursement of $466,836 for the increased costs of operating an approved graduate medical education program for the fiscal year ending December 31, 1980. SPRMC, a hospital provider of services under the Medicare Act, 42 U.S.C. § 1395, *et seq.*, initially claimed it was entitled to an exception to the established routine per diem costs for inpatients. SPRMC's fiscal intermediary, Blue Cross and Blue Shield of Minnesota, denied its request for this additional reimbursement, and SPRMC timely appealed that denial to the Provider Reimbursement Review Board (Board).

SPRMC convinced the Board that it was entitled to the exception,[1] but the Secretary intervened pursuant to 42 U.S.C. § 1395*oo* (f), and reversed the Board.[2] SPRMC sought judicial review before the District

---

* The HONORABLE SCOTT O. WRIGHT, United States Chief District Judge for the Western District of Missouri, sitting by designation.

1. *See St. Paul-Ramsey Medical Center, St. Paul, MN. v. Blue Cross and Blue Shield Ass./Blue Cross/Blue Shield of Minnesota,* PRRB Dec. No. 85–D21 (March 7, 1985).

2. *St. Paul-Ramsey Medical Center v. Blue Cross and Blue Shield Association/Blue Cross Of Minnesota,* HCFA Administrator decision, May 7, 1985.

Court and under Count I contended that the Secretary's decision to deny the request for exception was arbitrary and capricious; under Count II it contended that the Secretary was required by statute to retroactively apply the indirect teaching cost adjustment factor adopted for cost reporting years beginning on or after July 1, 1980. The District Court affirmed the Secretary's decision under Count I, but Count II was remanded to the Secretary to determine whether SPRMC had been reimbursed for its reasonable costs. For the reasons discussed below, we affirm the District Court as to Count I, but reverse the decision to remand and instead order the Secretary to retroactively apply the 1980 "indirect teaching cost adjustment."

Since 1974 the Secretary has on a yearly basis published in the Federal Register a schedule of limits on the costs of general, inpatient hospital routine services paid by Medicare to "provider" hospitals. The 1979 cost limits applied to the reporting period in question. *See* 44 *Fed.Reg.* § 31,806 and 46,949.

SPRMC is a teaching hospital with a substantial graduate medical education program. In its fiscal year ending December 31, 1980, SPRMC had $709,000 in costs under the Medicare program that were in excess of the 1979 limits. These excess costs were alleged to be largely attributable to the indirect costs associated with operating a teaching hospital.

Under 42 C.F.R. § 405.460(f)(4), a hospital is entitled to an exception to the established cost limits if it can show the excess costs are reasonable, attributable to the operation of an approved medical education program, separately identifiable and verified by the intermediary. The issue in this case was whether SPRMC could separately identify these costs.

The Secretary found that SPRMC had not met the requirements of § 405.460(f)(4) because it had not affirmatively demonstrated that its excess costs were related to its teaching program. SPRMC concedes it did not conduct its own internal time study because it decided that such a study would not be cost effective nor would it likely result in data specific enough to satisfy the Secretary. Instead, SPRMC relied on a 1980 study conducted by the Secretary which established that *all* hospitals with large, graduate medical education programs incurred atypical costs.[3] In fact, it was this very study that caused the Secretary to implement an "indirect teaching cost adjustment" to the cost limits for all teaching hospitals, effective July 1, 1980.[4]

Nevertheless, the Secretary held that SPRMC could not rely on the 1980 study which *generally* showed that higher costs were incurred by *any* hospital in order to prove up its *specific, individual* costs. This Court has established that when reviewing the Secretary's interpretation of the applicable statutes, it is entitled to deference. *Research Medical Center v. Schweiker,* 684 F.2d 599, 602 (8th Cir.1982). Furthermore, it was not improper to allocate to SPRMC the burden of producing specific data to prove the atypicality of its costs. *City of Austin, Texas, Brackenridge Hospital v. Heckler,* 753 F.2d 1307, 1317 (5th Cir.1985). Therefore, on Count I, we affirm the District Court's granting the Secretary's motion for summary judgment.

However, holding that SPRMC could not rely on the 1980 study to prove an exception to the 1979 cost limits does not foreclose SPRMC's second argument that the inclusion of a "medical education cost adjustment factor" in the 1980 cost schedule should be applied retroactively. Under 42 U.S.C. § 1395x(v)(1)(A)(ii), the Secretary shall provide for "suitable retroactive corrective adjustments, where ... the aggregate reimbursement produced by the meth-

---

**3.** The Secretary's designee in this sort of case is the Health Care Financing Administration (HCFA). The study concluded that a relationship existed between the ratio of residents/interns per bed and the additional costs incurred by hospitals.

**4.** This adjustment increased the hospital routine cost limits by 4.7% for each .1 full-time equivalent resident per bed. It is on the basis of this formula that SPRMC reduced its original request for a $703,000 exception to one for $466,836.

ods of determining costs proves to be either inadequate or excessive."

 The Secretary argues that the changes made in 1980 were merely "refinements" and that the 1979 schedule was rationally based at the time of its adoption. However, when the Secretary adopted the 1980 Indirect Teaching Cost Adjustment, he recognized that pre–1980 limits were inadequate. A number of courts have held that § 1395x(v)(1)(A) imposes a statutory duty upon the Secretary *whenever* the chosen method of cost calculation fails to adequately reimburse all reasonable costs. *Regents of U. of Cal. v. Heckler*, 771 F.2d 1182, 1188 (9th Cir.1985); *Humana of South Carolina, Inc. v. Califano*, 590 F.2d 1070, 1070 n. 66 (D.C.Cir.1978); *Springdale Convalescent Center v. Mathews*, 545 F.2d 943, 954 (5th Cir.1977); *Whitecliff, Inc. v. United States*, 536 F.2d 347, 351–52, 210 Ct.Cl. 53 (1976); *Kingsbrook Jewish Medical Center v. Richardson*, 486 F.2d 663, 669 (2d Cir.1973). As the 9th Circuit concluded, "[s]uch a reading is not only compelled by the plain language of the section but is entirely consistent with the statute's overriding objective to ensure that the Medicare program pay all of its own costs." *Regents*, 771 F.2d at 1189. We find that the Secretary's refusal to grant SPRMC a retroactive corrective adjustment violates his statutory duty.

It is not clear why the District Court chose to remand this issue to the Secretary. Clearly, the Secretary's position was that SPRMC had been properly reimbursed under the 1979 cost limits. Whether the hospital was entitled to any more money turned on the court's application of the statute.

Accordingly, the judgment of the District Court is affirmed as to Count I, but is reversed as to Count II. The case is remanded to the district court to enter a judgment for SPRMC and to order the Secretary to retroactively apply the 1980 Indirect Teaching Cost Adjustment to the hospital's application for reimbursement for the fiscal year ending December 31, 1980, and pay SPRMC the resulting balance.